United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER COOPER, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. H-22-2498 | |
| § | | |
| ELEVATE RECOVERIES, LLC, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

Following the entry of a default judgment against the defendant, Elevate Recoveries, LLC, (Docket Entry No. 16), the court entered a final judgment awarding the plaintiff, Peter Cooper, $6,000, (Docket Entry No. 17). Cooper now moves for an award of costs and attorneys' fees in the amount of $17,262.00. (Docket Entry No. 17 at 6). For the reasons set out below, the motion is granted, but the court reduces the fee award to $16,210.40.

**I.      Legal Standard**

A plaintiff who prevails under the Fair Debt Collection Practices Act may recover costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3). The lodestar method is used to calculate the amount of reasonable attorneys' fees. *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The lodestar amount is determined by multiplying the reasonably billed hours by a reasonable hourly rate. *Id.* The lodestar may be adjusted upward or downward in exceptional cases. *Id.*

The party seeking fees has the burden of establishing the number of hours expended by presenting adequate time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.

1993). The court should exclude from this any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.* Where the documentation in support of a request for attorneys' fees is inadequate, the court has discretion to reduce the award accordingly. *Abrams v. Baylor College of Med.*, 805 F.2d 528, 536 (5th Cir. 1986).

Reasonable hourly rates are calculated "according to the prevailing market rates in the relevant community." *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 104 (1984)). "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Villegas v. Regions Bank*, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (citing *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir.2002)). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (quoting reference omitted). "Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 Fed. App'x. 709, 710 (5th Cir. 2004).

Clerical work is generally not covered in an award of attorneys' fees. *Black v. SettlePou, P.C.*, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) (citing *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001)); *see also Abrams*, 805 F.2d at 536. Clerical, as opposed to legal, work includes the "filing of legal documents, the calendaring of events, and communications regarding

scheduling issues." *Bowman v. Prida Constr., Inc.*, 568 F. Supp. 3d 779, 787 (S.D. Tex. 2021) (quoting reference omitted).

## II. Analysis

### A. Duplicative Entries

Cooper has submitted his counsel's billing logs in support of his motion for an award of attorneys' fees. (Docket Entry Nos. 17-1, 17-2). The billing logs include the following apparently duplicative entries.

| Date | Description | Hours | Rate | Billable |
|---|---|---|---|---|
| 03/09/2022 | Document Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 03/09/2022 | Document Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 03/09/2022 | Document Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 06/22/2022 | Document /Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 06/22/2022 | Document /Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 06/22/2022 | Document /Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 06/23/2022 | Administration / Joann Narag: updated zoho | 0.17 | $160.00 | $27.20 |
| 06/23/2022 | Administration / Joann Narag: updated zoho | 0.17 | $160.00 | $27.20 |
| 06/23/2022 | Document Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |
| 06/23/2022 | Document Drafting / Joann Narag | 0.25 | $160.00 | $40.00 |

| | | | | |
|---|---|---|---|---|
| 06/30/2022 | Administration / Joann Narag: updated zoho | 0.17 | $160.00 | $27.20 |
| 06/30/2022 | Administration / Joann Narag: updated zoho | 0.17 | $160.00 | $27.20 |
| 06/30/2022 | Administration / Joann Narag: updated zoho | 0.17 | $160.00 | $27.20 |
| 11/23/2022 | Email / Carl Schwartz: received email from Jill, replied | 0.20 | $450.00 | $90.00 |
| 11/23/2022 | Email / Carl Schwartz: received email from Jill, replied | 0.20 | $450.00 | $90.00 |
| 02/06/2023 | Email / Carl Schwartz: reviewed file, sent email to LC | 0.20 | $450.00 | $90.00 |
| 02/06/2023 | Email / Carl Schwartz: reviewed file, sent email to LC | 0.20 | $450.00 | $90.00 |
| 06/08/2023 | Email / Carl Schwartz: received email from LC, replied | 0.20 | $450.00 | $90.00 |
| 06/08/2023 | Email / Carl Schwartz: received email from LC, replied | 0.20 | $450.00 | $90.00 |
| 06/29/2023 | Email / Carl Schwartz: received email from client, replied | 0.20 | $450.00 | $90.00 |
| 06/29/2023 | Email / Carl Schwartz: received email from client, replied | 0.20 | $450.00 | $90.00 |
| 08/15/2023 | Email / Carl Schwartz: reviewed file, sent email to LC | 0.20 | $450.00 | $90.00 |

4

| 08/15/2023 | Email / Carl Schwartz: reviewed file, sent email to LC | 0.20 | $450.00 | $90.00 |

These apparently duplicative entries could represent distinct work, but the court cannot reach that conclusion from the vague work descriptions, such as "Document Drafting." The court deducts each apparent duplicative entry from Cooper's fee award, for a total deduction of $731.60. The number of hours billed for legal, as opposed to clerical, work is otherwise reasonable.

B.  **Hourly Rate**

Cy T. Hainey's hourly rate is $400. (Docket Entry No. 17 at 5). Carl Schwartz's hourly rate is $450. (*Id.*). Cooper acknowledges that these are higher than the hourly rates generally awarded to attorneys under the Fair Debt Collection Practices Act in the Southern District of Texas in 2015, which was $300. (*Id.*). Cooper argues that the rates are nonetheless reasonable because "rates awarded to attorneys in 2023 should be higher than those awarded in 2015." (*Id.*). In further support, Hainey states in his declaration that his rate "is consistent with the hourly billing rates charged by my peers in the Maricopa County, Arizona, legal community for similar services." (Docket Entry No. 17-3 at ¶ 6). Hainey also relies on an arbitration award he received in January 2022 that included attorneys' fees at his current billing rate. (Docket Entry No. 17-4). Based on this evidence, the court finds that Hainey's and Schwartz's hourly rates are reasonable.

C.  **Clerical Work**

The billing logs contain the following entries for work that is clerical rather than legal in nature.

| Date | Description | Hours | Rate | Billable |
|---|---|---|---|---|
| 06/08/2023 | Email to court re hearing rescheduling. | 0.10h | $400.00 | $40.00 |
| 06/08/2023 | Read and respond to email from court re changed hearing time. | 0.10h | $400.00 | $40.00 |
| 05/30/2023 | Read and respond to email from case manager re confirm remote appearance at hearing is allowed. | 0.10h | $400.00 | $40.00 |
| 05/25/2023 | Email to Carl re confirm flight booked for hearing | 0.10h | $400.00 | $40.00 |
| 05/19/2023 | Email to Gary re travel arrangements. | 0.10h | $400.00 | $40.00 |
| 05/18/2023 | Email to Carl and Gary re travel arrangements for hearing. | 0.10h | $400.00 | $40.00 |
| 11/28/2022 | Email to case manager re video instructions. | 0.10h | $400.00 | $40.00 |
| 10/05/2022 | Email to court re telephonic appearance at Rule 16 conference. | 0.10h | $400.00 | $40.00 |

These tasks—communications with the case manager regarding scheduling and accessing remote hearings, and the making of travel arrangements—are not "legal work in the strict sense" but "merely clerical work that happened to be performed by a lawyer." *Abrams*, 805 F.2d at 536 (quoting reference omitted). The court deducts an additional $320.00 from Cooper's fee request.

6

**III.     Conclusion**

Cooper requests $17,262.00 in costs and attorneys' fees. Because this figure includes apparently duplicative billing entries and clerical work, the court awards a total of $16,210.40.

SIGNED on September 28, 2023, at Houston, Texas.

                                                                                          _____
                                                                                                      Lee H. Rosenthal
                                                                                             United States District Judge